IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAWN D. JONES,

        Plaintiff,

v.

JON LITSCHER and
SUSAN FISHER,

        Defendants.

OPINION and ORDER

Case No. 17-cv-695-wmc

---

*Pro se* plaintiff Shawn Jones filed this lawsuit pursuant to 42 U.S.C. § 1983, claiming that defendants violated his rights under the First, Eighth and Fourteenth Amendments by failing to provide him with rehabilitative programs during his incarceration. While he initially filed this action in state court, defendants removed it to this court, and his complaint is ready for screening as required by 28 U.S.C. § 1915A. While the court accepts all allegations in Jones's complaint as true and construes them generously in his favor in light of his *pro se* status, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972), this complaint must be dismissed for failure to state a claim upon which relief can be granted.

ALLEGATIONS OF FACT

At all relevant times, plaintiff Shawn Jones was incarcerated at Prairie Du Chien Correctional Institution ("PDCI"). Defendants are Jon Litscher, the former Secretary of the Wisconsin Department of Corrections ("DOC"), and Susan Fischer, a social worker at PDCI. Jones seeks to proceed against them in their individual and official capacities.

On March 17, 2017, Jones was interviewed for a rehabilitative program related to domestic violence with Fischer. During the interview, Jones told Fischer that there is no constitutional mandate to require him to participate in such a program. He also told her that he has no interest in taking any programs. Fisher informed Jones that if he refused to participate, he would be placed on "8-4," meaning that he would not be permitted to use the day room, courtyard, library or recreation during programming time. She also told him that his refusal may affect his custody classification and placement. Jones responded that he had a right to refuse programming without consequence. Additionally, Jones alleges that his requests to be transferred closer to his daughter have been denied.

Jones filed a grievance about his refusal to participate in the domestic violence program, and he attached the records of the unsuccessful grievance to his complaint. (*See* dkt. #4-2, at 9-12.) The grievance was dismissed by Institution Complaint Examiner M. Mathson because the domestic violence program is a "high priority" for him in light of his conviction for assaulting a woman and his subsequent denial of the abuse, and Jones was informed of the consequences of not participating in the program.

OPINION

Jones claims that the program requirement is a form of punishment because the Department of Adult Institutions ("DAI") policy states that programs are voluntary. While he seeks leave to proceed against the defendants on First, Eighth and Fourteenth Amendment claims, his allegations do not support a constitutional claim.

First, he does not state a claim for an Eighth Amendment violation because none of his allegations suggest that the "8-4" status caused him to endure conditions that fell below the minimal civilized measure of life's necessities or subjected him to a substantial risk of serious harm. *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006). Nor does he state a First Amendment claim related to his refusal to participate. This is because, under the rule of *Turner v. Safley*, 482 U.S. 78, 89 (1987), "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." As the records of Jones's grievance about his refusal to participate in the program confirm -- and Jones' allegations do not call into question this explanation -- the domestic violence program was recommended to him for rehabilitative purposes, thus satisfying *Turner*.

As to his Fourteenth Amendment claim, Jones does not articulate the right he believes has been violated. Perhaps he believes he has a Fourteenth Amendment due process right to avoid participating in the program. Yet to prove this claim Jones must show that: (1) he has a liberty or property interest with which the state interfered; and (2) the procedures he was afforded upon that interference were constitutionally deficient. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). Jones's description of the "8-4" status does not permit an inference that he suffered a loss of liberty when he refused to participate in the domestic violence program because he has not alleged that he dealt with a "greater degree of confinement" as a result of refusing to participate. *Knowlin v. Heise*, 420 F. App'x 593, 597 (7th Cir. 2011) (prisoner did not lose a liberty

3

interest in refusing substance abuse treatment, even though he suffered a "diminished chance of discretionary parole, work release, better custody classification, and transfer" to a more desired institution). Even if the court inferred that he did suffer a loss of liberty, Jones alleged that Fisher talked him through the consequences of refusing to participate in the program, and he pursued a grievance about the ramifications as well, so he has not pled facts sufficient to support an inference that the procedures he was afforded were deficient.

The second possibility is that Jones believes that he has a constitutional claim for being treated differently from other inmates. However, in circumstances where "disparate treatment is not based on a suspect class and does not affect a fundamental right, prison administrators may treat inmates differently as long as the unequal treatment is rationally related to a legitimate penological interest." *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived. *Id.* (citing *Ind. Petroleum Marketers & Convenience Store Ass'n v. Cook*, 808 F.3d 318, 322 (7th Cir. 2015); *Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir. 2003)).

Here, the decision to assign Jones "8-4" status for refusing to participate in the domestic violence program is buttressed by Jones's attachments to his complaint. Those records confirm that PDCI staff felt that Jones would benefit from the domestic violence program because he was incarcerated for assaulting a woman and continued to deny his fault. As such, Jones has no equal protection claim related to the consequences of his refusal to participate in the domestic violence program.

Finally, while Jones complains about his rejected request to be transferred to a facility that is closer to his daughter, Jones does not tie his refusal to participate in programs to his denied requests for a transfer. Regardless, as a prisoner he does not have a constitutional right to be located at a prison of his choosing. *See Miller v. Turner*, 26 F. App'x 560, 562-63 (7th Cir. 2001) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976), for the proposition that an inmate does not have a constitutionally protected liberty interest in remaining at, or being transferred from, a particular institution). Accordingly, Jones has not articulated a basis for a claim under § 1983, and so this lawsuit must be dismissed for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Defendants' motion for screening (dkt. #2) is GRANTED.

2. Plaintiff is DENIED leave to proceed on any claim and this case is DISMISSED for failure to state a claim.

3. The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes" or dismissals for filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

Entered this 14th day of May, 2019.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge